**HIMELRIGHT, Exrx, etc v FRANKS et**

Ohio Appeals, 9th Dist, Summit Co

No 2238. Decided July 28, 1933

POLLOCK, J, (7th Dist) sitting in place of WASHBURN, PJ.

## OPINION

By STEVENS, J.

The question here presented is this: the record showing all four of said mortgages to have been received for record at the identical time of the same day, month and year, but to have been given consecutive filing numbers by the recorder, what is the order of priority between said mortgages?

In considering that question, an examination of the statutes pertaining thereto is necessary. §8542, **GC**, provides as follows:

"All mortgages, executed agreeably to the provisions of this chapter, shall be recorded in the office of the recorder of the county in which the mortgaged premises are situated, and take effect from the time they are delivered to the recorder of the proper county for record. If two or more mortgages are presented for record on the same day, they shall take effect from the order

of presentation for record. The first presented must be the first recorded, and the first recorded shall have preference."

This statute is declarative of a rule which has existed in Ohio since 1838.

1 Curwen's Statutes, p. 429.

In addition to the foregoing, there is also §2758, GC, which provides as follows:

"Upon the presentation of a deed or other instrument of writing for record, the county recorder shall indorse thereon the date and the precise time of day of its presentation, and a file number. Such file numbering shall be consecutive and in the order in which the instrument of writing is received for record, except chattel mortgages which shall have a separate series of file numbers, and be filed separately, as provided by law. Until recorded each instrument shall be kept on file in the same numerical order for easy reference, and, if required, the recorder shall, without fee, give to the person presenting it a receipt therefor, naming the parties thereto, the date thereof, with a brief description of the premises. When a deed or other instrument is recorded the recorder shall indorse thereon the time when recorded, and the number or letter and page or pages of the book in which it is recorded."

This latter statute does not by its terms attempt to fix the priority of mortgages, but in terms it provides that its passage was, among other things, for the purpose of "easy reference."

Sec 8542, GC, specifically directs that mortgages shall "take effect from the time they are delivered to the recorder of the proper county for record." The record in the instant case discloses that all of the mortgages above referred to were delivered to the recorder at the identical instant, and there is no evidence to controvert what the records of the recorder's office reveal.

It is urged by counsel for defendant Himelright that, the instruments having been received by the recorder at the same time, the order of priority should be in accordance with the file numbers given these several instruments by the recorder.

This court is of the opinion that such a construction would do violence to the patent meaning of the statutes above quoted.

It is apparent from a reading of the several mortgages that the mortgagor and original mortgagee intended the instruments to be of equal priority, or a recitation of encumbrances would have been contained in the covenant against encumbrances contained in each of said instruments.

The case of Schaeppi v Glade, 195 Ill. 62, 62 NE 874, is decisive of the question here presented. The Illinois statutes with reference to recording, and with reference to placing the recorder's file numbers upon instruments left with the recorder for record, are almost identical with the Ohio statutes. In the Schaeppi case, supra, in the third paragraph of the syllabus as appears in 195 Ill. 62, the court said:

"3. If the recorder's certificates upon two or more instruments show that they were filed simultaneously, neither instrument can be given the advantage of prior recording upon the ground that in giving them consecutive numbers one received a lower number than the other."

We accordingly hold that the four mortgages involved in the present case, having been filed simultaneously, are of equal priority.

Judgment affirmed.

POLLOCK and FUNK, JJ, concur in judgment.